**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Jane Hammack, | No. CV-24-08051-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Xavier Becerra, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Dismiss Second Amended Complaint (Doc. 33). For the reasons detailed below, Defendant's Motion is denied.

## BACKGROUND

Plaintiff Leslie J. Hammack is a former employee of the Indian Health Services ("IHS") in Chinle, Arizona, an agency under Defendant's control. (Doc. 29 at 3). Defendant employed Plaintiff as a nurse until February 22, 2019. (*Id.*). Plaintiff's termination was preceded by two injuries. (Doc. 38 at 1). In June 2012, Plaintiff first ruptured her left rotator cuff while on nursing duty at the Chinle facility. (*Id.*). As a result of this injury, the Office of Workers' Compensation Programs changed her physical work restrictions from "light duty" to "sedentary duty." (*Id.* at 2). Plaintiff alleges that while the Department of Labor qualified her as disabled, "IHS failed to provide her with reasonable accommodations for the next three years." (*Id.*).

In May 2017, Plaintiff was injured at work a second time. (*Id.*). According to

Plaintiff, the second injury left her unable to perform the functions of her position. (*Id.*). Plaintiff's Second Amended Complaint states "[t]he Plaintiff had been medically determined to be permanently disabled. The IHS would have been Medically Negligent to ever allow the Plaintiff to ever return or be returned to duty in that position." (Doc. 29 at 12). Plaintiff further alleges that on October 19, 2017, Defendant informed Plaintiff in writing that it could not provide any accommodation that allowed Plaintiff to perform essential duties of her position. (*Id.* at 9, 12).

On October 4, 2023, Plaintiff filed this suit in the Western District of Arkansas after receiving a right to sue letter from the EEOC in August 2023. (Doc. 38 at 2–3). On October 10, 2023, Plaintiff amended her complaint. (*Id.*). The Second Amended Complaint alleges liability under the Americans with Disability Act ("ADA"). (*Id.* at 3–4). On February 28, 2024, Defendant filed his Motion to Dismiss for lack of venue and failure to state a claim. (Doc. 33). On March 15, 2024, the Western District of Arkansas granted Defendant's motion in part, finding venue to be improper, and transferred the case to this Court. (Doc. 38 at 6).

**DISCUSSION**

**I.     Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. Accordingly, a plaintiff must do more than employ "labels," "conclusions," or a "formulaic recitation of the elements of a cause of action." *Id.* When analyzing a complaint under Rule 12(b)(6), "[a]ll

allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.  Analysis**

First, Defendant correctly notes that the ADA does not apply to federal employees. *See* 42 U.S.C. § 12111(5)(B) (stating that "employer" under the ADA does not include the United States). Instead, claims against federal employers for disability discrimination are brought under the Rehabilitation Act, which incorporates ADA standards. 29 U.S.C. § 794(d). The Court reads the Complaint as stating a claim under the Rehabilitative Act and Defendant has not objected to this reading and, similarly, seems to broadly read Plaintiff's complaint.

Second, Defendant argues the facts in Plaintiff's Second Amended Complaint would prevent her from being considered a "qualified individual" under either the ADA or the Rehabilitation Act. A "qualified individual" under the ADA is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To bring a prima facie case under the Rehabilitation Act, Plaintiff must show that she is a "qualified individual." 29 U.S.C. § 794(a); *Zukle v. Regents of Univ. of Cali.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Plaintiff's Second Amended Complaint asserts that after her second injury, she was "permanently disabled" and that Defendant would be "medically negligent" if Plaintiff ever returned to duty." (Doc. 29 at 12). But, in context, and broadly read, the Court reads Plaintiff's statement as stating she required a transfer to an available position within IHS because her permanent disability prevented her from performing only certain tasks. The Amended Complaint further alleges that such positions were available. Employers are not required to provide indefinite job-protected leave or

promotions to disabled employees, nor are they required to fire or transfer other employees to artificially create positions for them. *See Gomez v. Am. Bldg. Maint*., 940 F. Supp. 255, 260 (N.D. Cali. 1996); *Rosamond v. Pennaco Hosiery, Inc.*, 942 F. Supp. 279, 284–85 n.4 (W.D. Miss. 1996); *Makor v. Burlington N. Santa Fe Ry. Co.*, 680 Fed. Appx. 542, 544 (9th Cir. 2017). But Plaintiff has informed this Court, in both her filings and at proceedings, that IHS had contemporaneous vacant positions that would have required her to complete job duties that she was physically capable of performing notwithstanding her permanent physical disability. As such, Plaintiff's statement does not admit she was not a qualified individual under the ADA. Whether or not she in fact was a qualified individual, is sufficient to defeat Defendant's Motion to Dismiss Second Amended Complaint. Accordingly, Defendant's argument is not grounds for dismissal.

Reading the complaint liberally, as courts do in pro se matters, Plaintiff has sufficiently plead her claims under the Rehabilitative Act. Accordingly, dismissal in this case is inappropriate and is denied.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Second Amended Complaint (Doc. 33) is **DENIED**.

Dated this 15th day of May, 2024.

_____
G. Murray Snow
Chief United States District Judge